UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROWENA MOLSON, *Pro Se*, | ) | Case No.: 1: 18 CV 2095 |
| | ) | |
| Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| LIEUTENANT WILLIAM R. NIEMI, *et al.*, | ) | |
| | ) | |
| | ) | MEMORANDUM OF OPINION |
| Defendants | ) | AND ORDER |

**Background**

*Pro Se* Plaintiff Rowena Molson filed an *in forma pauperis* civil Complaint in this action against Lieutenants William R. Niemi and Terry Moisio, and Chief Deputy Ronald R. Fenton. (ECF No. 1.)

Although her Complaint appears to pertain to conditions and mistreatment she allegedly experienced in the Ashtabula County Jail in 2009, it does not set forth specific allegations of misconduct by any of the Defendants or cogent legal claims against them. Her Complaint, in its entirety, states:

> The Complaint is being written here in Cleveland at U.S. District Court for the Northern District of Ohio by Plaintiff Rowena Molson as a survivor of Ashtabula County Jail. By all powers of the body to endure torture and horrific body abuse, I should not be here today. However, I have, Rowena Molson, survived this ordeal as a miracle of life. I live each and every day since June 1, 2009 as a testament of

> human endurance beyond the death camp of 25 West Jefferson Street, Jefferson Ohio 44047 from the personalized brutality, caniving [sic], debotchery [sic] and heinous torture of defendants 1 to 3 in a minute by minute endurement well beyond the ability to maintain life.

(*Id.*)

The Plaintiff appears to seek monetary damages.

On October 26, 2018, the Defendants filed a Motion to Dismiss the Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, contending the Complaint is insufficient to allege any plausible claim against them. (ECF No. 3.) The Plaintiff has not responded to this Motion. For the reasons stated below, the Motion to Dismiss is granted.

**Standard of Review**

A complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) if it fails to state a claim upon which relief can be granted. To survive a dismissal under Rule 12(b)(6), a complaint "must present 'enough facts to state claim to relief that is plausible on its face'" when its factual allegations are presumed true and all reasonable inferences are drawn in the non-moving party's favor. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (internal quotation marks omitted). Although detailed factual allegations are not required, the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Additionally, they must be sufficient to give the defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

2

Further, while pleadings and documents filed by *pro se* litigants are generally construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), *pro se* plaintiffs must still meet basic pleading requirements and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

## Discussion

Even according to the Plaintiff's Complaint the deference to which a *pro se* pleading is entitled, the Court agrees with the Defendants that the Complaint must be dismissed under Rule 12(b)(6). The unclear and conclusory statements and assertions set forth in the Plaintiff's Complaint are insufficient to meet basic pleading requirements or state any plausible federal claim against any Defendant. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008).

Further, to the extent the Plaintiff is seeking to assert claims against the Defendants under 42 U.S.C. § 1983, her action is clearly barred by the two-year statute of limitations applicable to such claims, as she complains of mistreatment toward her that allegedly occurred prior to two years before she filed this lawsuit in 2018. *See, e.g., Fraley v. Ohio Gallia Cty.*, No. 97–3564, 1998 WL 789385, at *2 (6th Cir. Oct. 30, 1998) (holding that the appropriate statute of limitations for § 1983 actions arising in Ohio is two years, and affirming dismissal of a *pro se* civil rights complaint based on alleged wrongful conduct occurring more than two years before the lawsuit was filed).

**Conclusion**

The Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) in this matter is granted, and for the reasons stated above, the Defendants' Motion to Dismiss her Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) is granted and her Complaint is dismissed. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

January 8, 2019